UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: ALIBABA GROUP HOLDING LIMITED
SECURITIES LITIGATION                                                                         MDL No. 2631


**TRANSFER ORDER**


**Before the Panel:**[*] Defendants Alibaba Group Holding Limited (Alibaba), Jack Yun Ma, Joseph C. Tsai, Jonathan Zhaoxi Lu, and Maggie Wei Wu (collectively, the Individual Defendants) move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Southern District of New York.  This litigation consists of six actions, two pending in the Central District of California and four in the Southern District of New York, as listed on Schedule A.[1]  All responding parties support centralization, but they disagree as to the transferee district for this litigation.  Three groups of lead plaintiff-movants support centralization in the Southern District of New York. Another group of lead plaintiff-movants argues that this litigation should proceed in the Northern District of California.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  These actions share factual questions arising from allegations that Alibaba and the Individual Defendants made materially false and/or misleading statements with respect to the soundness of Alibaba's business operations and the strength of its financial prospects, and concealed substantial ongoing regulatory scrutiny of the company, in violation of Section 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder.  The allegations in each of the actions center on an alleged meeting between Alibaba executives and a regulatory agency of the People's Republic of China, which took place approximately two months before Alibaba's initial public offering in the United States and at which the Chinese regulator criticized Alibaba's oversight of merchants and the sale of counterfeit and infringing goods on its various online marketplaces and platforms.  Plaintiffs in each of the actions assert the same securities fraud claims against Alibaba and the Individual Defendants on behalf of the same putative nationwide class of purchasers of Alibaba's American Depositary Shares.  Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

---

[*] Judge Lewis A. Kaplan took no part in the decision of this matter.

[1] The Panel has been notified of one related action pending in the Northern District of California.  This and any other related actions are potential tag-along actions.  *See* Panel Rules 1.1(h), 7.1, and 7.2.

-2-

The Southern District of New York is an appropriate transferee district for this litigation. Both plaintiffs and defendants support centralization in this district, where four of the six actions are pending. These actions have been consolidated and lead plaintiffs and counsel appointed pursuant to the requirements of the Private Securities Litigation Reform Act. Alibaba's stock is traded on the New York Stock Exchange, and it appears likely, to the extent that relevant documents and witnesses are located within the United States, that they will be found in the Southern District of New York. Thus, this district offers both an accessible and convenient venue for this litigation. Finally, by appointing the Honorable Colleen McMahon to preside over this matter, we select a jurist with multidistrict and securities litigation experience and the ability to steer this litigation on an efficient and prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Colleen McMahon for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell     Charles R. Breyer
Ellen Segal Huvelle     R. David Proctor
Catherine D. Perry

IN RE: ALIBABA GROUP HOLDING LIMITED
SECURITIES LITIGATION                                    MDL No. 2631

## SCHEDULE A

Central District of California

HUANG v. ALIBABA GROUP HOLDING LIMITED, ET AL., C.A. No. 2:15-00789
CHAO v. ALIBABA GROUP HOLDING LIMITED, ET AL., C.A. No. 2:15-01102

Southern District of New York

KHUNT v. ALIBABA GROUP HOLDING LIMITED, ET AL., C.A. No. 1:15-00759
KLEIN v. ALIBABA GROUP HOLDING LIMITED, ET AL., C.A. No. 1:15-00811
RAND v. ALIBABA GROUP HOLDING LIMITED, ET AL., C.A. No. 1:15-00991
ZIOLKOWSKI, ET AL. v. ALIBABA GROUP HOLDING LIMITED, ET AL.,
        C.A. No. 1:15-01405